IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED SCRANTON

MAR 3 1 2011

PER _____
DEPUTY CLERK

MICHAEL BRAGG,
    Petitioner

v.

GERALD ROZUM, et al.,
    Respondents

CIVIL NO. 3:10-1287

(JUDGE NEALON)
(MAGISTRATE JUDGE CARLSON)

## MEMORANDUM and ORDER

On June 21, 2010, Petitioner, Michael Bragg, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). On December 10, 2010, a Report was issued by United States Magistrate Judge Martin C. Carlson recommending that the petition be dismissed. (Doc. 16). No objections were filed. The matter is ripe for disposition and, for the reasons set forth below, the Report and Recommendation ("R&R") will be adopted.

**Standard of Review**

When objections to a report and recommendation have been filed, the court must make a de novo determination of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984). The court "may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3. Further, the court may, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); Goney, 749 F.2d at 7.

Conversely, when no objections are made to a report, the district court is not statutorily

1

required to review the magistrate judge's factual or legal conclusions under a de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 149, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Peter v. Wynder, 2008 U.S. Dist. LEXIS 57782, *4-5 (M.D. Pa. 2008) (Jones, J.). Nevertheless, it is better practice to afford some level of review to dispositive legal issues raised by the report. Peter, 2008 U.S. Dist. LEXIS at *4-5 (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837, 108 S. Ct. 120, 98 L. Ed. 2d 79 (1987)). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).

**Discussion**

After reviewing the instant record, no error is discerned from the Report and Recommendation. The Magistrate Judge has thoroughly set forth the facts and procedural history, which are briefly summarized below. (Doc. 16, pgs. 1-10). In November 2005, following a trial, Petitioner was convicted of multiple counts of robbery, assault and conspiracy, and was sentenced to fifteen (15) to thirty-two (32) years imprisonment. (Doc. 16, pg. 5; Doc. 1). Petitioner filed a direct appeal of his conviction and sentence to the Pennsylvania Superior Court. On November 6, 2006, the Pennsylvania Superior Court affirmed Petitioner's conviction and sentence. Petitioner then filed a timely post-conviction relief act ("PCRA") petition with the state trial court. In the PCRA petition, Petitioner argued that his trial counsel was ineffective for failing to elicit testimony that the victim of the first robbery once believed that his assailants were Hispanic; that trial counsel was ineffective for failing to file a motion to suppress relating to the

February 19 traffic stop; and, that trial counsel was ineffective for failing to further pursue DNA analysis of blood evidence obtained by police from Petitioner's jacket and his co-defendant's shoes. A hearing was held on Petitioner's PCRA petition and the trial judge ultimately denied the motion. Petitioner appealed to the Pennsylvania Superior Court. On August 6, 2009, the Pennsylvania Superior Court affirmed the denial of the PCRA petition. Petitioner then sought review by the Pennsylvania Supreme Court, which denied review on March 10, 2010.

On June 21, 2010, Petitioner filed the present habeas petition setting forth the following claims of ineffective assistance of counsel: (1) trial counsel was ineffective for failing to object to testimony elicited from police regarding suspicious behavior by Petitioner at the time of the February 19 car stop; (2) trial counsel should have requested a jury instruction concerning the evidentiary significance of a notarized statement signed by one trial witness; (3) trial counsel was ineffective for failing to object at Petitioner's sentencing to the imposition of an enhanced sentence based upon visibly possessing a weapon; (4) trial counsel was ineffective for failing to elicit testimony that the victim of the first robbery once believed that the assailants were Hispanic; (5) trial counsel was ineffective by failing to file a motion to suppress relating to the February 19 traffic stop; and, (6) trial counsel was ineffective for failing to further pursue DNA analysis of the blood evidence obtained by police from Petitioner's jacket.

### *Exhaustion of Ineffective Assistance of Trial Counsel*

"A federal court may not grant a writ of habeas corpus unless (1) 'the applicant has exhausted the remedies available in the courts of the state', (2) no such state remedy is available or (3) available remedies are ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1)." Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998). "The exhaustion

requirement is satisfied when the state courts have had an opportunity to pass upon and correct alleged constitutional violations." Evans v. Court of Common Pleas, Delaware County, Pa., 959 F.2d 1227, 1230 (3d Cir. 1992). The exhaustion requirement "is not a mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a federal prisoner's federal rights." Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986). "Unless it would be patently futile to do so [state prisoners] must seek relief in state court before filing a federal habeas petition...." Santana v. Fenton, 685 F.2d 71, 77 (3d Cir. 1982).

The habeas corpus petitioner shoulders the burden of establishing exhaustion of state court remedies. McMahon v. Fulcomer, 821 F.2d 934, 940 (3d Cir. 1987). The threshold inquiry in the exhaustion analysis is whether the claims asserted in the habeas corpus petition have been "fairly presented" to the state courts. Picard v. Connor, 404 U.S. 270, 275 (1971). "All claims that a petitioner in state custody attempts to present to a federal court for habeas review must have been fairly presented to each level of the state courts." Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000), cert. denied, 531 U.S. 1082 (2001). Fair presentation requires that the "substantial equivalent" of a petitioner's federal habeas claims be presented to the state courts. Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

As stated, Petitioner raises six claims of ineffective assistance of counsel. The Magistrate Judge determined that three of these claims have never been addressed by the state courts. (Doc. 16, pgs. 9, 23-25). Namely, that trial counsel was ineffective for failing to object to testimony elicited from police regarding suspicious behavior by Petitioner at the time of the February 19 car stop; that trial counsel should have requested a jury instruction concerning the evidentiary

4

significance of a notarized statement signed by one trial witness; and that trial counsel was ineffective for failing to object at Petitioner's sentencing to the imposition of an enhanced sentence based upon visibly possessing a weapon. (Doc. 16, pgs. 9-10, 23-25). The Magistrate Judge determined that these claims were not addressed by the state trial or appellate courts, were not exhausted and should therefore be dismissed. (Doc. 16, pg. 10). Additionally, the Magistrate Judge noted that, although Petitioner has not requested a stay, granting a stay would not be necessary or appropriate. (Doc. 16, pgs. 24-25). Upon review, and having received no objections, the Magistrate Judge's recommendation will be adopted.

### *Merits of Ineffective Assistance of Trial Counsel*

To establish counsel's ineffectiveness, a petitioner must show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the performance was prejudicial to the defense. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). There is a strong presumption that counsel is effective and the courts, guarding against the temptation to engage in hindsight, must be "highly deferential" to counsel's reasonable strategic decisions. Marshall v. Hendricks, 307 F.3d 36, 85 (3d Cir. 2002), cert. denied, 538 U.S. 911 (2003). The mere existence of alternative, even more preferable or more effective, strategies does not satisfy the first prong of the Strickland test. Id. at 86. It is not necessary for the court to "guarantee each defendant a perfect trial with optimally proficient counsel, but rather to guarantee each defendant a fair trial, with constitutionally competent counsel." Id. at 85. To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Commonwealth v. Chambers, 807 A.2d 872, 883 (Pa. 2002) (quoting Strickland, 466 U.S. at

695-96)). The court must consider the totality of the evidence and the burden is on the petitioner. Strickland, 466 U.S. at 687, 695.

The Magistrate Judge determined that three claims raised in the instant habeas petition were presented to the state courts, but should nevertheless be dismissed as meritless. (Doc. 16, pg. 10). As stated, those claims are that trial counsel was ineffective for failing to elicit testimony that the victim of the first robbery once believed that the assailants were Hispanic; that trial counsel was ineffective for failing to file a motion to suppress relating to the February 19 traffic stop; and, trial counsel was ineffective for failing to further pursue DNA analysis of the blood evidence obtained by police from Petitioner's jacket. (Doc. 16, pgs. 25-36).

The Magistrate Judge noted that Petitioner's trial counsel fully questioned Peter Santos, the victim of the first robbery, on cross-examination regarding his claim that the assailants spoke Spanish and may have been Hispanic. (Doc. 16, pgs. 26-27). The Report states that "the trial record plainly reflects that Bragg's lawyer did develop this defense" and Petitioner's complaint appears to be that this defense was not persuasive to the jury. (Doc. 16, pg. 27). Thus, the Magistrate Judge determined that Petitioner is not entitled to habeas corpus relief with regard to this contention. (Doc. 16, pg. 27).

Next, the Magistrate Judge determined that Petitioner's claim that trial counsel erred by failing to seek further DNA analysis of his clothing fails. In state court, both parties acknowledged that the blood on Petitioner's jacket was from Peter Santos, one of the victims. Petitioner complained in state court that there was blood on his co-defendant's shoes that belonged to Peter Santos, however there was also blood from an unknown person. Petitioner argues that trial counsel erred in failing to test the unknown blood. (Doc. 16, pgs. 27-28). The

Magistrate Judge noted that the state courts consistently rejected this argument, stating that the exculpatory value of further blood testing would be minimal because the victim's blood was found on Petitioner and his co-defendant. (Doc. 16, pg. 28). The Magistrate Judge therefore determined that this claim fails. (Doc. 16, pgs. 27-29).

Lastly, the Magistrate Judge determined that trial counsel did not err in failing to file a timely suppression motion. (Doc. 16, pgs. 30-36). The Magistrate Judge stated that the state courts found that Petitioner's actions caused the motions' deadlines to pass; at the time of the trial in 2005, it was uncertain whether Petitioner, as a passenger, had standing to challenge the search of the car; based on the facts of the case, the police would have had a reasonable, articulable suspicion to stop and briefly detain the car; and, even if a suppression motion was successfully pursued, it would not have materially altered the quantum of proof against Petitioner at trial. (Doc. 16, pgs. 30-33). The Magistrate Judge did not err in finding that Petitioner failed to set forth a valid claim of ineffective assistance of counsel regarding the filing of a suppression motion.

The Magistrate Judge stated that, assuming arguendo that trial counsel's performance was deficient, Petitioner has nevertheless failed to show that he was prejudiced. (Doc. 16, pgs. 34-36). Under Strickland, Petitioner had to prove that counsel's actions were unreasonable, and that there is a reasonable probability that the outcome of the trial would have been different. Strickland, 466 U.S. at 695. The Report stated that Petitioner failed to establish that any of the alleged errors of his attorney were "prejudicial" as required by Strickland.

## Conclusion

Based on the foregoing, and having received no objections, the Magistrate Judge's Report

and Recommendation will be adopted. The petition for writ of habeas corpus will be denied. An appropriate order follows.

Date:  March 31, 2011

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL BRAGG,
    Petitioner

v.

GERALD ROZUM, et al.,
    Respondents

: CIVIL NO. 3:10-1287
:
: (JUDGE NEALON)
: (MAGISTRATE JUDGE CARLSON)

## ORDER

**AND NOW**, this 31st day of March, 2011, **IT IS HEREBY ORDERED THAT:**

1. The Magistrate Judge's Report and Recommendation (Doc. 16) is **ADOPTED**.

2. The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED**.

3. The Clerk of Court is directed to **CLOSE** this case.

4. There is no basis for the issuance of a certificate of appealability.

*/s/ William Nealon*
**United States District Judge**